**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

ISRAEL VAZQUEZ-CURET,

                         Plaintiff,

    - v -                                           Civ. No. 1:20-CV-151
                                                              (GLS/DJS)

COLONIE POLICE DEPARTMENT OF ALBANY,
NEW YORK and POLICE OFFICER RYAN BERKERY,

                         Defendants.
_____

**APPEARANCES:**                                         **OF COUNSEL:**

ISRAEL VAZQUEZ-CURET
16-A-2097
Washington Correctional Facility
Box 180
72 Lock 11 Lane
Comstock, New York 12821

**DANIEL J. STEWART**
**United States Magistrate Judge**

### REPORT-RECOMMENDATION and ORDER

      The Clerk has sent for review a civil Complaint filed by Plaintiff _pro se_ Israel Vazquez-Curet. Dkt. No. 1, Compl. Plaintiff has not paid the filing fee, but instead submitted Motions to Proceed _in forma pauperis_ ("IFP"). Dkt. Nos. 9 & 10, IFP App. By separate Order, this Court granted Plaintiff's Application to Proceed IFP. Now, in accordance with 28 U.S.C. §§ 1915(e) and 1915A, the Court will _sua sponte_ review the sufficiency of the Complaint.

## I. DISCUSSION

### A. Pleading Requirements

Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Similarly, under 28 U.S.C. § 1915A, a court must review "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* at § 1915A(a) & (b). Thus, it is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed further with his action.

In reviewing a *pro se* complaint, this Court has a duty to show liberality toward *pro se* litigants, *see Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990), and should exercise "extreme caution . . . in ordering *sua sponte* dismissal of a *pro se* complaint *before* the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond." *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983) (emphasis

in original) (citations omitted). Therefore, a court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 556). Although the court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Id*. at 679 (quoting FED. R. CIV. P. 8(a)(2)). A pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id*. at 678 (further citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555, for the proposition that Federal Rule of Civil Procedure 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Allegations that "are so vague as to fail to give the defendants adequate notice of the claims against them" are subject to dismissal. *Sheehy v. Brown*, 335 Fed. Appx. 102, 104 (2d Cir. 2009).

### B. Allegations Contained in Plaintiff's Complaint

The *pro se* Complaint is brief and does not pled details or legal claims to the ideal extent under the Federal Rules of Civil Procedure. The allegations in the Complaint concern events occurring on November 11, 2019 in the Town of Colonie, New York. *See generally* Compl. Plaintiff alleges after leaving a Target store he was approached by a police officer who asked if he had a receipt for his purchases. *Id.* at p. 4.[1] Plaintiff then admits that he fled the scene, but that he then stopped, laid down, and was physically assaulted by police. *Id.* He alleges that he suffered physical injuries as a result. *Id.* There are no factual allegations against the Colonie Police Department in the Complaint. *See generally* Compl. The Complaint also does not specifically identify Defendant Berkery as the person who assaulted Plaintiff or identify specific causes of action against Berkery. *Id.*

### C. Sufficiency of the Pleading

Courts construing a *pro se* complaint, especially on initial review, should do so liberally. *See, e.g., Walker v. Johns*, 2016 WL 4508358, at *3 (N.D.N.Y. Aug. 29, 2016) (citing *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008)). The general allegations made by Plaintiff, that he was the victim of an unwarranted and unreasonable use of force, are sufficient to withstand initial review under 28 U.S.C. §§ 1915(e) and 1915A for purposes of an excessive force claim under the Fourth

---

[1] Citation to page numbers are to page numbers assigned by the Court's CM/ECF system.

Amendment.  *See*, *e.g.*, *Irvine v. City of Syracuse*, 2015 WL 2401722, at *4 (N.D.N.Y. May 19, 2015) ("claims of excessive force during the course of an arrest are analyzed under the Fourth Amendment.").  Given the allegations made and the deferential standard on initial review, the Court recommends that the Complaint be permitted to proceed against Defendant Berkery on a Fourth Amendment excessive force claim.

Plaintiff also names the Colonie Police Department as a Defendant.  "A city police department is not an independent, suable entity separate from the municipality in which the police department is organized."  *Krug v. Cty. of Rennselaer*, 559 F. Supp. 2d 223, 247 (N.D.N.Y. 2008); *see also EZ Pawn Corp. v. City of New York*, 2019 WL 2393780, at *9 (E.D.N.Y. June 5, 2019); *Cooper v. Proud*, 2018 WL 2729249, at *4 (N.D.N.Y. Mar. 22, 2018), *report and recommendation adopted*, 2018 WL 2727873 (N.D.N.Y. June 6, 2018).  As a result, Plaintiff's claim against the Department must be dismissed.[2]

## II.  CONCLUSION

**WHEREFORE**, it is hereby

**RECOMMENDED**, that Plaintiff's Complaint survive initial review with respect to a Fourth Amendment excessive force claim against Defendant Berkery; and it is further

---

[2] In *Monell v. Dep't of Soc. Servs. of the City of New York*, 436 U.S. 658, 691 (1978), the Supreme Court recognized the potential for holding a municipality itself liable for the violation of constitutional rights based on the existence of a municipal policy or custom.  Such a claim requires particular pleading regarding the policy or custom.  *Thomas v. Heid*, 2017 WL 9673716, at *3 (N.D.N.Y. Dec. 6, 2017), *report and recommendation adopted*, 2018 WL 1773130 (N.D.N.Y. Apr. 12, 2018).  Plaintiff has made no such allegations here.

**RECOMMENDED**, that the Complaint be **DISMISSED with prejudice** as to Plaintiff's claim against the Colonie Police Department; and it is

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days[3] within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Date:  April 9, 2020
        Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge

---

[3] If you are proceeding *pro se* and are served with this Report-Recommendation and Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Report-Recommendation and Order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. FED. R. CIV. P. 6(a)(1)(C).