UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

**ISRAEL VAZQUEZ-CURET,**

           **Plaintiff,**

v.

**POLICE OFFICER RYAN BERKERY,**

           **Defendant.**
_____

**1:20-cv-151
(GLS/DJS)**

## SUMMARY ORDER

Plaintiff *pro se* Israel Vazquez-Curet commenced this action against defendant Police Officer Ryan Berkery pursuant to 42 U.S.C. § 1983. (Compl., Dkt. No. 1.) On May 28, 2020, the court adopted Magistrate Judge Daniel J. Stewart's Report-Recommendation and Order (R&R), dismissing the Colonie Police Department of Albany, New York from the case, and allowing Vazquez-Curet's Fourth Amendment excessive force claim to move forward against Berkery.[1] (Dkt. Nos. 16, 19.) Now pending is Berkery's motion to dismiss. (Dkt. No. 33.) Vazquez-Curet has failed to respond to the motion, but has filed three letters, (Dkt. Nos. 35, 37, 38), seeking a status update of the action and informing the court that he

---

[1] The court assumes the parties' familiarity with the underlying facts, which are stated in full in the R&R. (Dkt. No. 16 at 4.)

"miss[ed his] court day due to [his] new incarceration," (Dkt. No. 35), and illness, but "would like to resume [his] lawsuit," (Dkt. No. 37).  For the reasons that follow, Berkery's motion is denied.

The standard of review under Fed. R. Civ. P. 12(b)(6) is well settled and will not be repeated here.  For a full discussion of the governing standard, the court refers the parties to its prior decision in *Ellis v. Cohen & Slamowitz, LLP*, 701 F. Supp. 2d 215, 218 (N.D.N.Y. 2010).

"Where a properly filed motion [to dismiss] is unopposed and the Court determines that the moving party has met its burden to demonstrate entitlement to the relief requested therein, the non-moving party's failure to file or serve any papers . . . shall be deemed as consent to the granting or denial of the motion, as the case may be, unless good cause be shown." *Albino v. City of Amsterdam Police*, No. 1:19-CV-1415, 2020 WL 7024388, at *2 (N.D.N.Y. Nov. 30, 2020) (citation omitted).  "Under such circumstances, dismissal is appropriate where the movant's argument for dismissal is 'facially meritorious.'"  *Id.* (citation omitted); *see also Herring v. Tabor*, No. 9:12-cv-1739, 2014 WL 2946545, at *5 (N.D.N.Y. June 30, 2014) (noting that where a defendant's motion to dismiss is unopposed, the "burden of persuasion is lightened such that, in order to succeed, the

2

motion need only be 'facially meritorious'" (citation omitted)).

Berkery argues that dismissal is appropriate because the complaint does not (1) personally identify Berkery as the individual who allegedly used excessive force against Vazquez-Curet, or (2) specify how Berkery caused Vazquez-Curet's injuries. (Dkt. No. 33, Attach. 2 at 2-4.) The court disagrees.

Although Vazquez-Curet's complaint is far from a model of clarity, in light of Vazquez-Curet's *pro se* status, and the standard of review which requires that the factual allegations be construed in the light most favorable to the plaintiff, it is readily inferable that the "police officers" and "he" referred to in the complaint, (Compl. at 4), is Berkery, the only individual officer named in the action. As to the cause of his injuries, Vazquez-Curet alleges that "they started to use violent physical force" and "he broke my wrist." (*Id.*) At this stage, accepting as true all plausible asserted facts, and construing them in the light most favorable to Vazquez-Curet, the allegations in the complaint demonstrate liability arising from actions taken by Berkery.

Accordingly, it is hereby

**ORDERED** that Berkery's motion to dismiss (Dkt. No. 33) is **DENIED**;

and it is further

**ORDERED** that Berkery shall respond to the complaint within the time allotted by the rules; and it is further

**ORDERED** that the Clerk provide a copy of this Summary Order to the parties.

**IT IS SO ORDERED.**

April 26, 2021
Albany, New York

Gary L. Sharpe
U.S. District Judge