UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ISRAEL VAZQUEZ-CURET,

          Plaintiff,

v.

RYAN BERKERY et al.,

          Defendants.
_____

1:20-cv-151
(MAD/DJS)

**APPEARANCES:**

**FOR THE PLAINTIFF:**
Law Office of Jeffrey L. Zimring
120 Broadway - Suite 250
Menands, NY 12204

**FOR THE DEFENDANTS:**
Town of Colonie
534 New Loudon Road
Latham, NY 12110

**OF COUNSEL:**

JEFFREY L. ZIMRING, ESQ.

VERONIKA DeGIOVINE, ESQ.

**Mae A. D'Agostino**
**District Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

Plaintiff Israel Vazquez-Curet brought this action pursuant to 42 U.S.C. § 1983, alleging that defendants Ryan Berkery and Nicholas Morgan, Town of Colonie Police Officers, violated his Fourth Amendment

rights.[1]  (Am. Compl., Dkt. No. 53.)  Defendants now move for summary judgment.  (Dkt. No. 71.)  For the reasons that follow, defendants' motion is denied.

## II. Background

### A. Facts[2]

On November 11, 2019, defendants responded to a call from a Target store on Central Avenue in Colonie.  (Defs.' Statement of Material Facts (SMF) ¶¶ 1-3, Dkt. No. 71, Attach. 2.)  Defendants approached Vazquez-Curet, "whom they believed to be [an] alleged shoplifter based on the information provided to them by dispatch and [Target] loss prevention," in the Target parking lot.  (Id. ¶¶ 3-9.)  Vazquez-Curet was unable to provide a receipt for the items in his vehicle and defendants told him that he needed to return to Target with them to review the shoplifting allegations and surveillance footage.  (Id. ¶¶ 14, 16.)  Vazquez-Curet was not placed under arrest at that time, but was told that he was not free to leave.  (Id. ¶ 17.)  As defendants and Vazquez-Curet approached the entrance of the Target, Vazquez-Curet turned around and began to run

---

[1] The amended complaint also refers to the Fourteenth Amendment, however, as Vazquez-Curet's only claim is for alleged use of excessive force, solely a Fourth Amendment challenge has been raised.

[2] Unless otherwise noted, the facts are not in dispute.

back through the parking lot, weaving through parked cars, and defendants pursued him on foot.[3]  (*Id.* ¶¶ 20-22.)  While in pursuit, Officer Berkery told Vazquez-Curet that he was under arrest, but he continued to flee.  (*Id.* ¶ 30.)  The parties agree that, at some point during the foot pursuit and arrest, Vazquez-Curet suffered a "left forearm Galeazzi fracture."  (*Id.* ¶ 52.)  The parties disagree, however, about the sequence of events leading up to Vazquez-Curet's injury.

Defendants state that Vazquez-Curet, before physical contact was made by either officer, fell to the ground "hard," face down, and then tried to get back to his feet to resume running, forcing defendants to restrain and handcuff him while he resisted and continued to attempt to flee.[4]  (*Id.* ¶¶ 29-37.)  However, Vazquez-Curet testified during his deposition that, to end the chase, he decided to lay flat with his palms on the ground and elbows up, and defendants "jumped on [his] left shoulder" before arresting

---

[3] A video surveillance system maintained by Target captured video footage of the foot chase.  (Dkt. No. 71, Attach. 1, Exs. F, G, H, I, J, K.)  The court has carefully reviewed these videos.

[4] Vazquez-Curet denies a number of defendants' asserted material facts, however, many of his denials fail to cite to the record as required by N.D.N.Y L.R. 56.1(b).  Indeed, Vazquez-Curet's denials of paragraphs 28, 32, and 34 refer to future anticipated testimony and, without any specific citation, Vazquez-Curet's self-serving affidavit.  (Dkt. No. 78, Attach. 2 at ¶¶ 28, 32, 34.)  The court overlooks this carelessness because there is evidence in the record, in the form of Vazquez-Curet's deposition testimony, (Dkt. No. 71, Attach. 6 at 15:11-21, 19:19-20:8), that supports his denial of such facts.

him, causing his arm to break. (Dkt. No. 71, Attach. 6 at 15:11- 21, 19:19-20:8; Dkt. No. 78, Attach. 4 ¶¶ 11-13, 19.)

## B. Procedural History

Vazquez-Curet initiated this action against Officer Berkery and the Colonie Police Department, alleging that his Fourth Amendment rights were violated. (Dkt. No. 1.) The court adopted, in its entirety, a Report and Recommendation that recommended any claims against the Colonie Police Department be dismissed with prejudice. (Dkt. No. 19.) Vazquez-Curet amended his complaint, adding Officer Morgan as a defendant, and alleging that Officers Berkery and Morgan violated his Fourth Amendment rights by using excessive force while arresting him. (Dkt. No. 53.) Now pending is defendants' motion for summary judgment. (Dkt. No. 71.)

### III. Standard of Review

A court may grant a motion for summary judgment only if it determines that there is no genuine issue of material fact to be tried and that the facts as to which there is no such issue warrant judgment for the movant as a matter of law. *See Chambers v. TRM Copy Ctrs. Corp.*, 43 F.3d 29, 36 (2d Cir. 1994). When analyzing a summary judgment motion, the court "cannot try issues of fact; it can only determine whether there are

issues to be tried." *Id.* at 36-37 (quotation and other citation omitted). Moreover, it is well-settled that a party opposing a motion for summary judgment may not simply rely on the assertions on its pleadings. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (quoting Fed. R. Civ. P. 56 (c), (e)).

In assessing the record to determine whether any such issues of material fact exist, the court is required to resolve all ambiguities and draw all reasonable inferences in favor of the nonmoving party. *See Chambers*, 43 F.3d at 36 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)). Where the non-movant either does not respond to the motion or fails to dispute the movant's statement of material facts, the court may not rely solely on the moving party's Rule 56.1 statement; rather the court must be satisfied that the citations to evidence in the record support the movant's assertions. *See Giannullo v. City of New York*, 322 F.3d 139, 143 n.5 (2d Cir. 2003) (holding that not verifying the assertions in the motion for summary judgment "would derogate the truth-finding functions of the judicial process by substituting convenience for facts").

"'Assessments of credibility and choices between conflicting versions of the events are matters for the jury, not for the court on

summary judgment.'" *Jeffreys v. City of New York*, 426 F.3d 549, 553-54 (2d Cir. 2005) (citation omitted).  "However, '[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff.'"  *Id.* (quoting *Anderson*, 477 U.S. at 252).  "To defeat summary judgment, therefore, nonmoving parties 'must do more than simply show that there is some metaphysical doubt as to the material facts,' . . . and they 'may not rely on conclusory allegations or unsubstantiated speculation.'"  *Id.* (citations omitted).

## IV.  Discussion

Defendants argue that summary judgment is appropriate because they did not use excessive force; and that, even if they did, they are entitled to qualified immunity.  (Dkt. No. 71, Attach. 3 at 4-20.)  Vazquez-Curet contends that questions of material fact regarding the timing and manner of his injury preclude summary judgment.  (Dkt. No. 78, Attach. 3 at 2-4.)

The right of law enforcement to make an arrest or investigatory stop "carries with it the right to use some degree of physical coercion or threat thereof to effect it."  *Graham v. Connor*, 490 U.S. 386, 396 (1989).  To

establish the use of excessive force, a plaintiff must demonstrate that the officer's actions were unreasonable such that "the government interests at stake were outweighed by 'the nature and quality of the intrusion on [the plaintiff's] Fourth Amendment interests.'"  *Barlow v. Male Geneva Police Officer*, 434 F. App'x 22, 26 (2d Cir. 2011) (quoting *Graham*, 490 U.S. at 396).  Although the test for reasonableness is "'not capable of precise definition or mechanical application,'" the court must consider (1) the severity of the crime at issue; (2) whether the plaintiff posed an immediate threat to the officers or others; and (3) whether the plaintiff was actively resisting or evading arrest.  *Cugini v. City of New York*, 941 F.3d 604, 612-13 (2d Cir. 2019) (quoting *Graham*, 490 U.S. at 396).

The officer's conduct must be judged from the perspective of a reasonable officer on the scene, without regard to the officer's underlying motivation and without the benefit of hindsight.  *See Graham*, 490 U.S. at 396-97.  Moreover, the calculus of reasonableness "must embody allowance for the fact that police officers are often forced to make split-second judgments—in circumstances that are tense, uncertain, and rapidly evolving—about the amount of force that is necessary in a particular situation."  *Id.*  Accordingly, "'[n]ot every push or shove, even if it

may later seem unnecessary in the peace of a judge's chambers, violates the Fourth Amendment.'" *Tracy v. Freshwater*, 623 F.3d 90, 96 (2d Cir. 2010) (quoting *Graham*, 490 U.S. at 396).

Here, Vazquez-Curet does not dispute that he fled from defendants or that he was under arrest at the time he was restrained. (Dkt. No. 78, Attach. 2 at 2-3.) However, as discussed above, the parties disagree about whether Vazquez-Curet voluntarily laid on the ground waiting to be restrained or if he fell and had to be forcefully restrained—a material disagreement bearing on whether a reasonable amount of force was used.

Defendants suggest that the surveillance videos contradict Vazquez-Curet's allegations and support their account of the incident. (Dkt. No. 71, Attach. 3 at 15-16.) Indeed, "'[w]hen opposing parties tell two different stories, one of which is *blatantly contradicted* by the video recording so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment.'" *Goode v. Blue*, No. 3:10-CV-135, 2011 WL 2118645, at *5 (D. Conn. May 25, 2011) (quoting *Scott v. Harris*, 550 U.S. 372, 380 (2007) (emphasis added)). However, the videos—which are low-resolution and subject to interpretation—do not, on their own, conclusively establish

8

exactly what occurred and, therefore, do not "blatantly contradict" Vazquez-Curet's version of events.  *See id.*  And, consistent with the standard of review, the court must resolve such ambiguities in Vazquez-Curet's favor.  *See Chambers*, 43 F.3d at 36 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)).  As such, the material issues of fact, which are essential to the determination of whether reasonable force was used, cannot be resolved at this juncture.

Ultimately, if Vazquez-Curet's version of events is to be believed, a reasonable jury could find that defendants used excessive force, in violation of his Fourth Amendment rights.[5]  Therefore, summary judgment must be denied.[6]

## V. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

---

[5] Defendants' reliance on *Tracy*, 623 F.3d 90, is well reasoned—diving on-top of an arrestee who is actively fleeing and resisting is objectively reasonable under certain circumstances. (Dkt. No. 71, Attach. 3 at 12-14.)  However, here, there is a dispute regarding whether Vazquez-Curet was still fleeing and resisting at the time force was used and there is a question of when and how, during the arrest, his arm was fractured.

[6] To the extent that defendants argue that they are entitled to summary judgment on qualified immunity grounds, "[b]ecause a material factual dispute remains as to the circumstances surrounding the use of force in this case, summary judgment on qualified immunity is inappropriate." *Durr v. Slator*, No. 5:20-CV-662, 2023 WL 8277960, at *6 (N.D.N.Y. Nov. 30, 2023) (citing *Kerman v. City of New York*, 261 F.3d 229, 240 (2d Cir. 2001)).

**ORDERED** that defendants' motion for summary judgment (Dkt. No. 71) is **DENIED**; and it is further

**ORDERED** that this case is deemed trial ready and a trial scheduling order will be issued in due course; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

March 26, 2024
Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge